**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Buttacavoli,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Worth Ross Management Company Incorporated, et al.,<br><br>　　　　　Defendants. | No. CV-21-00979-PHX-JZB<br><br>**ORDER** |

Defendants Candlewyck Condominium Association ("Candlewyck") and Worth Ross Management Company ("Worth Ross") have moved for dismissal of Plaintiff's Complaint (doc. 1). (Docs. 6, 11.) The Court grants both motions. The Complaint is dismissed with prejudice as to Candlewyck, and without prejudice and with leave to amend as to Worth Ross.

**I.　Background.**

Plaintiff is an Arizona resident and former owner of a condo located in Denver, Colorado in a community governed by Candlewyck, a Colorado homeowners' association ("HOA"), and managed by Worth Ross, a Texas corporation. (Doc. 1 ¶¶ 1, 5–9, 18–19.)

Plaintiff purchased the condo on May 3, 2018. (*Id.* ¶ 10.) On April 11, 2019, Plaintiff contracted to sell the condo. (*Id.* ¶ 34.) Plaintiff alleges that Defendants caused him to lose the sale by "failing to timely release and provide indispensable financial statements" necessary for closing. (*Id.* ¶¶ 12, 24–25, 33.) Further, Plaintiff alleges that Defendants continued to withhold this information from May to August 2019, causing him to lose "a

total of 18 sale opportunities."[1] (*Id.* ¶¶ 35, 38–39.)

Based on the foregoing, Plaintiff alleges that Defendants are liable for Negligence (Count 1), Breach of Contract (Count 2), and Breach of Covenant of Good Faith and Fair Dealing (Count 3). (*Id.* ¶¶ 41–52.) Plaintiff claims $50,000 in damages, consisting of "actual damages" as well as "consequential and punitive damages." (*Id.* at 11.) Among these damages are costs Plaintiff incurred in maintaining the condo while it was for sale, including mortgage payments, home insurance premiums, taxes, and HOA fees. (*Id.* ¶¶ 13, 25, 40.) Plaintiff also claims "pre[-] and post[-]judgment interest, court costs[,] and reasonable attorney fees." (*Id.* at 11–14.)

Plaintiff alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1332.[2] (*Id.* ¶ 3.) Candlewyck and Worth Ross both move for dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. (Docs. 6, 11.) Additionally, Candlewyck moves for dismissal under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and under Fed. R. Civ. P. 12(b)(3) for improper venue. (Doc. 6.) Plaintiff filed a response to both motions (doc. 26), and Defendants filed a joint reply (doc. 27).

## II.     Legal Standards.

### A.     Subject-Matter Jurisdiction.

"[F]ederal courts are courts of limited jurisdiction" and "may not exercise jurisdiction absent a statutory basis." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). In general, a federal court has original jurisdiction over actions involving a federal question, 28 U.S.C. § 1331, and actions between citizens of different states involving an amount in controversy greater than $75,000, 28 U.S.C. § 1332(a). A party asserting that a federal court has jurisdiction over an action bears the burden of establishing

---

[1] Despite the absence of a specific allegation indicating such, the Court presumes that Plaintiff eventually sold the condo given his reference to himself as its "former owner." (Doc. 1 ¶ 5.) It is therefore not entirely clear what Plaintiff means by alleging that "the sale [is] now in controversy" (*id.*), particularly where Plaintiff makes no allegation that there is any challenge to the sale.

[2] Plaintiff also alleged that the Court has jurisdiction pursuant to 28 U.S.C. § 1391. (Doc. 1 ¶ 3.) However, 28 U.S.C. § 1391 regards proper venue, not jurisdiction.

- 2 -

it. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).

### B. Personal Jurisdiction.

A plaintiff must show that a court has personal jurisdiction over an out-of-state defendant. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). Arizona law permits the exercise of "personal jurisdiction over a person, whether found within or outside Arizona, to the maximum extent permitted by the Arizona Constitution and the United States Constitution." Ariz. R. Civ. P. 4.2(a). "Due process requires that [a] defendant 'have certain minimum contacts' with the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Picot*, 780 F.3d at 1211 (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). At a minimum:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Id.* (internal citations and quotations omitted).

### C. Venue.

Venue is proper in a judicial district "in which any defendant resides, if all defendants are residents of the State in which the district is located," or where "a substantial part of the events or missions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1)–(2).

## III. Discussion.

### A. Candlewyck's Motion to Dismiss.

Candlewyck moves to dismiss the action under Fed. R. Civ. P. 12(b)(1)–(3) for lack of subject-matter jurisdiction, lack of personal jurisdiction, and improper venue. (Doc. 6.)

### 1.     Lack of Subject Matter Jurisdiction.

Candlewyck moves for dismissal under Fed. R. Civ. P. 12(b)(1) on the grounds that Plaintiff has not established subject-matter jurisdiction under 28 U.S.C. § 1332(a) because he only claimed $50,000 in damages in his Complaint, which falls short of 28 U.S.C. § 1332(a)'s requirement that the amount in controversy "exceed[] the sum or value of $75,000." (Doc. 6 at 2, citing Doc. 1 at 11.)

"[T]he amount in controversy is determined from the face of the pleadings," *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000), and is accepted if "made in good faith," *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014); *see Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997). It is "the amount at stake in the underlying litigation" and comprises "any result of the litigation, excluding interests and costs, that entails a payment by the defendant," including "damages (compensatory, punitive, or otherwise)." *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (internal citations and quotation marks omitted); *Rasidescu v. Midland Credit Mgmt.*, 435 F. Supp. 2d 1090, 1097 (S.D. Cal. 2006) ("In determining whether diversity jurisdiction exists, a court is obligated to consider claims for both actual and punitive damages in determining the jurisdictional amount.").

In his Complaint, Plaintiff claimed "actual damages in excess of $25,000.00" and sought a money judgment "in the amount of $50,000.00 [] in actual damages, with consequential and punitive damages in an amount to be determined by a jury at trial." (Doc. 1 at 11.) Plaintiff also requested pre- and post-judgment interest, court costs, and reasonable attorney fees.[3] (*Id.* at 11–14.) In his response, Plaintiff maintains that his $50,000 claim was "a typo" and that he actually meant to claim $75,000. (Doc. 26 at 2, ¶ 3.) He states that all of his damages combined (actual, consequential, and punitive) satisfy the amount-in-controversy requirement.[4] (*Id.* ¶ 5)

Given Plaintiff's statements in his response, the Court concludes that the $50,000

---

[3]     As of the date of this Order, Plaintiff is proceeding *pro se*.
[4]     Plaintiff incorrectly cites 28 U.S.C. § 1331, rather than 28 U.S.C. § 1332(a). (Doc. 26 at 2, ¶ 5.)

claim in the Complaint represents the "amount in controversy" embracing all of Plaintiff's claimed damages, including actual, consequential, and punitive damages. As such, the Complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(1) for failing to satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332(a).

### 2.  Lack of Personal Jurisdiction.

Candlewyck also moves for dismissal under Fed. R. Civ. P. 12(b)(2) on the grounds that Plaintiff has not established that the Court has personal jurisdiction over it. (Doc. 6 at 2–5.) Candlewyck states that it is not incorporated in Arizona; has no "business, offices, agents, or representatives in Arizona"; and "conducts no activities within Arizona let alone continuous and system[atic] activities." (*Id.* at 4.) Candlewyck also notes that the alleged harm relating to the sale of Plaintiff's Colorado condo occurred in Colorado, not in Arizona. (*Id.*)

In his Complaint, Plaintiff merely alleged that Candlewyck is an entity formed under the laws of Colorado and is responsible for the management and operation of the HOA in which the condo is a part of. (Doc. 1 ¶ 7.) Plaintiff alleges no facts establishing that Candlewyck has *any* connection with or to the State of Arizona, let alone any connection that is sufficient for the Court to have personal jurisdiction over it. Plaintiff does not address this argument in his response. He merely responds to the subject-matter jurisdiction arguments and then argues that "all remaining arguments challenging either subject matter jurisdiction or venue are frivolous and without merit." (Doc. 26 at 3.)

Given the absence of any allegation of fact establishing that Candlewyck has any ties to the forum state of Arizona, the Court concludes that it does not have personal jurisdiction over Candlewyck. As such, the Complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(2).

### 3.  Improper Venue.

Lastly, Candlewyck moves for dismissal under Fed. R. Civ. P. 12(b)(3) on the grounds that the District of Arizona is not the proper venue for this action. (Doc. 6 at 5–6.) Candlewyck reiterates the above arguments, noting that it has no ties to Arizona and the

events giving rise to the action did not occur in Arizona. (*Id.*) The subject property, the condo formerly owned by Plaintiff, is also outside of the District of Arizona. Candlewyck has therefore established that the District of Arizona is not a proper venue for this action. As such, the Complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(3).

### 4. Conclusion.

Candlewyck's motion to dismiss is granted. Accordingly, the action against Candlewyck is dismissed with prejudice under Fed. R. Civ. P. 12(b)(1)–(3) and without leave to amend. Although the "rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant," *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000), the Court will not grant leave to amend here because doing so would prove futile. *See Mueller v. Auker*, 700 F.3d 1180, 1191 (9th Cir. 2012) (holding that a district court did not err in dismissing a complaint without leave to amend where "it was clear that amendment would be futile"); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) ("[A] district court need not grant leave to amend where the amendment . . . is futile."). Amendment would be futile given that it is clear that the Court does not have personal jurisdiction over Candlewyck given its absence of ties to Arizona and that the alleged harm did not occur in Arizona.

### B. Worth Ross' Motion to Dismiss.

Worth Ross moves to dismiss the action under Fed. R. Civ. P. 12(b)(1) on the grounds that the Court lacks "federal question jurisdiction" for Plaintiff's failure to "allege any claim, right of action or question involving federal law."[5] (Doc. 11 at 1–2.)

The Court will grant Worth Ross' motion, but not for the reasons it proffers. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("Whenever, a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

---

[5] Worth Ross has waived any additional defenses available under Fed. R. Civ. P. 12(b)(2)–(5) by failing to raise them in the instant motion, including lack of personal jurisdiction and improper venue. *See* Fed. R. Civ. P. 12(h)(1).

action.").

Worth Ross' motion maintains that the Complaint should be dismissed simply because Plaintiff failed to allege any federal claim. (Doc. 11.) Worth Ross, however, omits any consideration of 28 U.S.C. § 1332(a), which does not require a federal claim for jurisdiction so long as the action is between citizens of different states and involves an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a). As discussed in Section III(A)(1), Plaintiff's Complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(1) for his failure to satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332(a), not for his failure to allege any federal claim.

Accordingly, Worth Ross' motion is granted under Fed. R. Civ. P. 12(b)(1) for the reasons stated in Section III(A)(1), *supra*. The dismissal as to Worth Ross, however, is without prejudice and with leave to amend because, at this time, the Court cannot conclude with any legal certainty[6] that Plaintiff is not able to meet the jurisdictional requirements of 28 U.S.C. § 1332(a). *See also* Fed. R. Civ. P. 15(a)(2); *Lopez*, 203 F.3d 1122, 1131. Any allegation regarding the amount in controversy in an amended complaint must have a good faith basis. *See Owens*, 574 U.S. at 87; *see also Crum*, 231 F.3d at 1131.[7]

**IT IS THEREFORE ORDERED:**

(1) Defendants' motions to dismiss (docs. 6, 11) are **granted**.

(2) The Complaint (doc. 1) is **dismissed with prejudice** as to Defendant

---

[6] "[T]he district court must accept the amount in controversy claimed by the plaintiff unless it can declare to a legal certainty that the case is worth less." *Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015). "[T]hree situations clearly meet the legal certainty standard: 1) when the terms of a contract limit the plaintiff's possible recovery; 2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and 3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction." *Id.* (citing *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986)).

[7] In *Crum*, the Court of Appeals found that a district court "reasonably concluded that, absent a change in circumstances, amendment of [the amount in controversy] after a district court finding of a jurisdictional defect would provide evidence that the claim was inflated solely to exceed the jurisdictional threshold." *Crum*, 231 F.3d at 1131 (citing *LeBlanc v. Spector*, 378 F. Supp. 301, 307–08 (D. Conn. 1973)).

Candlewyck Condominium Association.

(3) The Complaint (doc. 1) is **dismissed without prejudice** as to Defendant Worth Ross Management Company Incorporated.

(4) Plaintiff is granted leave to file an Amended Complaint against Defendant Worth Ross. Plaintiff shall file an Amended Complaint within thirty (30) days of this Order. If Plaintiff fails to do so, the Clerk of Court shall terminate this action without further order from the Court.

Dated this 24th day of August, 2021.

Honorable John Z. Boyle
United States Magistrate Judge